UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \*

Northeastern Graphic Supply, Inc.
                Plaintiff      \*

                                      \*    MBD NO. 05-10121

vs.
                                      \*

Graphic Color Corporation, a division of    \*
Consolidated Color Corporation
                Defendant   \*

\* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF MOTION FOR EXAMINATION OF DEFENDANT/JUDGMENT DEBTOR, BEFORE THIS COURT

The Plaintiff obtained a Judgment against the Defendant in the United States Bankruptcy Court for the District of Maine on January 4, 2005 in the amount of $33,589.74. The Judgment was later registered in the United States District Court for the District of Massachusetts on March 21, 2005 and a first Execution was issued on March 21, 2005. No payment has been made.

Plaintiff's Motion for Examination of Defendant/ Judgment Debtor, is made pursuant to Fed. R. Civ. P. 69(a) and Mass. Gen. Laws Ch. 224, §14 and §15. The Federal Rules provide that "process to enforce judgment...shall be in accordance with the practice and procedure of the state in which the district court is held. Mass. Gen. Laws Ch. 224 §1 et. Seq. enable a judgment creditor "to apply for a supplementary process and for examination of the judgment debtor with respect to his property and his ability to pay." Aetna Cas. & Surety Co. v. Rodco Autobody. 965 F. Supp. 104, 107 (D. Mass. 1996). "The design of the statute...is to provide a searching inquiry into the ability of the judgment debtor to pay his legal obligation."

The procedures applied in supplementary process actions in Massachusetts state courts may also be used in this Court. See Aetna Cas. & Surety Co. v. Rodco Autobody. 965 F. Supp. at 107-108. Accordingly, the Court should proceed with an examination pursuant to Mass. Gen. Laws Ch. 224. §15 allowing inquiry as to the defendant's property and its ability to pay. In addition, Mass. Gen. Laws Ch. 224. § 30 provides that in conducting the examination, the court has the same powers relative to all "incidents thereto as other courts have in civil actions."

Northeastern Graphic Supply, Inc.
By its Attorneys,

*/s/ Kenneth E. Karger*
Kenneth E. Karger, BBO#259880
Karger Law Offices
15 Court Square, Suite 230
Boston, MA 02108
(617) 367-2992

Dated: May 18, 2005

## CERTIFICATE OF SERVICE

I, Kenneth E. Karger, hereby certify that on *May 18*, 2005, I served the foregoing Motion for Examination of Defendant, Judgment Debtor before this Court, and Memorandum in Support thereof, and Certificate of Compliance with Local Rule 7.1, by mailing a copy thereof, postage prepaid to: Graphic Color Corporation, a division of Consolidated Color Corporation, Attn. Lawrence Cohen, President, 15 Union Street, Lawrence, MA 01840; and also to Michael N. Stein, Registered Agent of Consolidated Color Corporation, 7 Travis Drive, Framingham, MA 01702.

*/s/ Kenneth Karger*
Kenneth E. Karger, BBO# 259880
Karger Law Offices
15 Court Square, Suite 230
Boston MA 02108
(617) 367-2992

Dated: *May 18,* 2005

CERTIFICATE OF COMPLIANCE WITH
LOCAL RULE 7.1

Pursuant to Local Rule 7.1, on behalf of the Plaintiff on May 3, 2005, Carol McEntee, Esq., an associate of this office placed a telephone call to Mr. Lawrence Cohen, President of the Defendant/Judgment Debtor. She was advised by Mr. Cohen that he denies the debt is owed by the Defendant/Judgment Debtor and refuses to pay the same.

_____
Kenneth E. Karger, BBO# 259880
Karger Law Offices
15 Court Square, Suite 230
Boston MA 02108
(617) 367-2992

Dated: May 18, 2005