UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**NORTHEASTERN GRAPHIC SUPPLY, INC.**
                **Plaintiff**

vs.                                    MED No. 05-10121

**GRAPHIC COLOR CORPORATION,
A DIVISION OF CONSOLIDATED COLOR CORPORATION,**
                **Defendant**

**DEFENDANT'S OPPOSITION TO MOTION OF NORTHEASTERN GRAPHIC SUPPLY, INC.
FOR "EXAMINATION OF DEFENDANT"**

1. On or about May 18, 2005, the plaintiff NORTHEASTERN GRAPHIC SUPPLY, INC. ("Northeastern"), as a judgment creditor (by default) in a 2004 lawsuit filed by Northeastern in the United States District Court of Maine ("the Maine judgment), in January 2005 registered its [Maine] judgment in the USDCt of Massachusetts, i.e., the instant proceeding.

2. Northeastern, via separate Massachusetts counsel, then applied for and obtained an Execution from this court (Exhibit "**A**") and has recently served on a party in Massachusetts, an order to appear for oral examination (Exhibit "**B**").

WRONG PARTY DEFENDANT NAMED
3. The immediate issue is that the Massachusetts corporation which has been served herein [with notice of examination], i.e., *CONSOLIDATED COLOR CORPORATION*, although similarly named and with the same principal (a) is <u>not</u> –and cannot be– the judgment debtor (or the defendant) sued in Maine, as it was not even ***in existence*** until January 2004 (Exhibit "**C**") where the debt sued upon occurred years earlier, and was acknowledged by the plaintiff to be due from an entirely different entity, with the same name, hence its assets cannot be available for satisfaction of the *Maine* judgment.  It appears that the employment of the *Maine* judgment has been knowingly misdirected in order to coerce a non-liable party.

HISTORY:
4. The debt sued upon in Maine by Northeastern was originally the debt of GRAPHIC COLOR CORPORATION, a Massachusetts corporation which filed a Chapter 11 in 1998 (Case No. 98-44761-JBR). ***Northeastern Graphic Supply, Inc***. was a scheduled creditor in that Chapter 11 proceeding and its claim appears in both the court's own matrix of the Chapter 11 case (Exhibit "D") as well as in Schedule F (unsecured claims) in the debtor's schedules

(Exhibit "E"). According to bankruptcy court records, Northeastern received repeated, consistent notices at its [same] address throughout the Chapter 11 proceedings and never once in the several years of the pendency of those bankruptcy hearings, did Northeastern ever make a claim alleging that any other entity except the named ***Graphic Color Corporation*** owed Northeastern on its claim.

PLAN AND LIQUIDATION OF GRAPHIC COLOR CORPORATION

5. On or about September 14, 2001 the Graphic Color Corporation's Plan was confirmed (Exhibit "F") and plan payments were commenced, however following 9/11 the changes industry-wide in advertising spending on the debtor's products led to a steep, uncontrollable slide in cash flow that became impossible to overcome and after several years of effort, the original Chapter 11 debtor Graphic Color Corporation *WAS LIQUIDATED IN JANUARY 2004 VIA AN ASSIGNMENT FOR THE BENEFIT OF CREDITORS*; its Assignee was Jeffrey Kosberg of Cambridge, MA.

NOTICE OF LIQUIDATION; OPPORTUNITY TO ASSENT

6. On or about February 6, 2004, Assignee Kosberg provided actual notice [of the liquidating Assignment] to Northeastern's attorney Michael Gartland of Portland, Maine (Exhibit "**G**"), in which the specifics of the debtor's failure and its proposed approach to a dividend were explicitly described (Exhibit "**H**"), leaving no room for vagueness or confusion on Attorney Gartland's part.

7. Thus, an (a) actual notice of the Assignment, plus (b) an unrestricted opportunity to either assent [to the Assignment], or to object, or to launch an insolvency, etc., were provided to Northeastern's attorney Gartland, who despite these notices, took no action on behalf of his client Northeastern to do anything: assent or re-petition the debtor back to insolvency.

8. Consequently, in Massachusetts, 90 days following the Assignment sale, the Assignment sale became freed and cleared of any bankruptcy exposure via the objections of non-assenting creditors –specifically Northeastern's, who throughout the Chapter 11 proceedings, Plan confirmation hearings, notice of Assignment, etc., <u>never once disputed</u> that the debt it claimed came from only ***one*** source: the original Chapter 11 debtor, Graphic Color Corporation, and that debtor became defunct and ceased to operate as of its Assignment in January 2004.

THE ASSIGNEE'S SALE TO A NEW ENTITY

9. Pursuant exactly to the outline provided by the Assignee to creditors (including to Northeastern's attorney) the Assignee

conveyed the assets, subject to liens of record[1], to CONSOLIDATED COLOR CORPORATION, an <u>entirely newly created Massachusetts corporation.</u>  The new corporation specifically also acquired from the Assignee the right to employ the name "*Graphic Color Corporation*".  It was upon this [new] corporate entity, formed in January 2004, using a name it acquired from an Assignee, and <u>having no legal or factual obligation for the 1998 claim which was sued upon in Maine</u>, that service of the Maine/Massachusetts Execution was made.

THE USDCT of *MAINE* ACTION

10. Attorney Gartland of Portland had actual notice almost one year earlier of the **bankruptcy** debtor's (i.e., Graphic Color Corporation's) final slide into Assignment, and regardless of attorney Gartland's evident waiver on behalf of Northeastern of any objection to the Assignment, attorney Gartland filed an action in the District Court of Maine, alleging –knowing the same to be inaccurate– that Northeastern's alleged "defendant/debtor" was the **new** Massachusetts corporation Consolidated Color Corporation which has acquired the name "Graphic Color" from an Assignee – an implication he had to know was false.

11. Attorney Gartland acknowledges nowhere in the Maine federal district court civil action that the claim being sued upon belonged to a factually and legally different entity, different from the entity which Northeastern [and Gartland] had formally acknowledged 6 years earlier as the real debtor: the subject of the 1998 Chapter 11 bankruptcy proceedings.

12. A critical and opprobrious conclusion is inescapable: either attorney Gartland for Northeastern (a) *forgot* that there had been both a Chapter 11 and then an Assignment in which notices to him and to Northeastern were sent by the court and other parties on multiple occasions, and where his participation –or absence of participation, hence waiver– disposed of the claims of his client, or (b) he intentionally filed a claim in the US District Court of Maine which cannot pass the good-faith test: the court's enormous power of process has been invoked and released against an entity which plaintiff's attorney had numerous good reasons to believe was <u>not</u> –and could not be– the actual debtor, but one merely whose name and other common features might be available to

---

[1] In his notice and outline in February 2004, sent to all creditors, including Northeastern, the Assignee described in detail how, upon liquidation, because of duly recorded senior secured claims, there would be **zero** liquidation value for unsecured creditors.  This identical "no-value" for trade creditors such as Northeastern was demonstrated throughout the Chapter 11 proceedings - and similarly unopposed by Northeastern.

    [finally] leverage Northeastern's 1998 claim into posture which would harass and compel the new Massachusetts entity to "buy peace" in the face of a court-sanctioned mandatory appearance to be deposed. The Maine proceedings acknowledged absolutely none of these distinctions.

13. The Massachusetts defendant did not file a response in the *Maine* action because its principal, after consultation with the Assignee which sold the assets, believed that despite the name similarity –which the new corporation had properly acquired via the Assignment– the actual *Maine* defendant (the old *Graphic Color Corporation*) (a) was fully and long out of business, and besides, (b) Northeastern, according to the Assignee, as a non-assenting creditor in the Assignment, due directly to simple and extended inactivity, had waived its participation in the Assignment. In either case, the old Northeastern [Chapter 11] claim was no longer the problem of the new Massachusetts corporation and the defendant's principal elected to leave the matter alone.[2]

14. Northeastern's attorney Gartland in the *Maine* action neglected to allege any of these intervening and dispositive liquidations relative to Northeastern's actual claim sued upon.

NEW BUSINESS BETWEEN THE ENTITIES

15. Ironically, the new Massachusetts corporation also did [new] business with Northeastern Graphic Supply, which is itself now out of business. And <u>*all of which [new] invoices Consolidated Color has paid in full*</u> (Exhibit "**I**"). Thus, <u>*at the same time*</u> Attorney Gartland was suing Graphic/Consolidated in Maine for the pre-1998 bills of [the old] Graphic Color, the creditor Northeastern, or its liquidating agent, had to be explicitly aware that plaintiff's Maine (and now Massachusetts) claims were utterly cynical - the "no-tomorrow" recklessness of a business which has no future.

16. Thus, Northeastern's attorney (a) obtained a default judgment [in Maine] to which he knew the defunct creditor was not entitled and then (b) sent the judgment to a Massachusetts collection attorney with instructions to apply for an Execution, a vehicle to permit seizure of assets - the final collection effort in its 1998 claim. The Massachusetts Execution, which will fortify the instant action is facially legitimate and otherwise mandates compliance with its process, e.g., an appearance for deposition - all wrongful applications of process.

CONCLUSION:

---

[2] The defendant has since elected to seek to <u>vacate</u> the default judgment in Maine on the grounds set forth in this Opposition.

17.   *The instant Execution and process were improperly obtained* wherein Northeastern's "judgment creditor" application for issuance of an Execution constitutes a deliberate and malicious abuse of process.

   **WHEREFORE**,
   A. the [Massachusetts] Execution should be immediately recalled and vacated,

   B. an Order of Notice issued for Northeastern's proponents to show cause why further process in this [Massachusetts] proceeding should not be stayed while the Maine judgment is vacated,

and at the same time,

   C. the judgment creditor should show cause why the process employed in this collection is not sanctionable for what is evidently a recklessly loose filing, if not a deliberate fraud on two separate federal courts.

June 15, 2005                        Respectfully submitted,

                                     **GRAPHIC COLOR CORPORATION, A DIVISION OF CONSOLIDATED COLOR CORPORATION**

                                     By its attorney,

                                     /s/ Richard J. Cohen, Esq.
                                     Richard J. Cohen, Esq. (BBO 090240)
                                     1185 Falmouth Road
                                     Centerville, MA 02632
                                     (508) 771-6400 / fax (508)771-6216

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**NORTHEASTERN GRAPHIC SUPPLY, INC.**
        Plaintiff

vs.                                    MED No. 05-10121

**GRAPHIC COLOR CORPORATION,
A DIVISION OF CONSOLIDATED COLOR CORPORATION,**
        Defendant

### CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on the date set forth below the foregoing **OPPOSITION TO MOTION OF NORTHEASTERN GRAPHIC SUPPLY, INC. FOR "EXAMINATION OF DEFENDANT"** was served either (a) by electronic transmission to the Clerk, US Bankruptcy Court via the Court's CM/ECF system, and simultaneously through such transmission to the parties also electronically noticed thereby, or (b) where electronic transmission is inapplicable, service of the same was effected either via 1st class US mail, prepaid or by telefax, all as set forth in "A" respectively.

Dated: June 15, 2005                    */s/ Richard J. Cohen, Esq.*
                                                                                Richard J. Cohen

"A"
***by CM/ECF electronic transmission***
Clerk, US District Court
***by non-electronic transmission -*** 1st class mail:
Kenneth E. Karger, Esq.
15 Court Square #230
Boston, MA 02108

Consolidated Color Corporation
15 Union Street
Lawrence, MA 01840