## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

NORTHEASTERN GRAPHIC SUPPLY INC.
        Plaintiff,
V.
GRAPHIC COLOR CORPORATION
A DIVISION OF CONSOLIDATED COLOR CORPORATION
        Defendant

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:95-CV-11299-JLT

TO: LAURENCE H. COHEN,
President Consolidated Color Corporation

☒ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| See Below | See Below |
|  | DATE AND TIME |
|  | See Below |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Documents listed in Schedule "A" attached hereto

| PLACE | DATE AND TIME |
| --- | --- |
| United States District Court, 1 Court House Way, Boston MA 02210, Courtroom #23, 7th fl., or such other Courtroom as may be assigned to Magistrate Judge Robert Collins on the date of hearing | August 2, 2005<br>10:45 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| /s/ Kenneth E. Karger  Attorney for Plaintiff | JULY 13, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kenneth E. Karger, Karger Law Offices, 15 Court Sq., Ste. 230
Boston MA 02108   Tel: 617 367 2992

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

DATE | PLACE

**COMMONWEALTH OF MASSACHUSETTS**
United States District Court, District of Massachusetts Docket/Case No: 1:95-Cv-11299-JLT

I hereby certify and return that today, July 14, 2005, at 3:30 PM, I summoned the within named witness Laurence H. Cohen, President to appear and give testimony (*or produce*) as within directed, by delivering in hand to Laurence H. Cohen, President, a true and attested copy of the within Subpoena Duces Tecum. I also tendered $55.00, (Fifty-Five Dollars and Zero Cents), at the time and place of service, being the fee for one days attendance and travel. Said service was effected at: Consolidated Color Corporation, 15 Union Street, Lawrence, MA 01840 .

I declare under the penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.
Executed on July 14, 2005.

*Ronald Bertheim* (signature)

**Ronald Bertheim**, Process Server
& Disinterested Person over Age 18.    Total Fees: $120.00
**Roscoe, BeDugnis & Associates**
15 Court Square, Suite 450
Boston , MA, 02108-2519
(617) 523-1036 , (617) 723-4247 Fax

Service:$65.00
Witness Fee:$55.00
Total:$120.00

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

SCHEDULE "A"

1. All income statements, balance sheets and other financial statements prepared by Consolidated Color Corporation or on its behalf from January 1, 2004 to July 1, 2005, whether or not submitted to any financial institution.

2. All passbooks or bank statements with respect to any savings and loan association share account, or other financial account and any cash equivalent account(s) in Consolidated Color Corporation's name (solely or jointly with others) or in which it had an interest or signature power, including all canceled checks (back and front), deposit slips and checkbook stubs for any of its checking account(s), savings account(s), cash management account(s) and money market account(s) issued during or covered by the period from January 1, 2004 to July 1, 2005.

3. All statements issued to Consolidated Color Corporation relating to any account it maintain(ed) or in which it has or had any interest or signatory power, with respect to any securities, brokerage and/or financial institution from January 1, 2004 to July 1, 2005.

4. Copies of all ledgers, work sheets, cash disbursement journals, or similar documents evidencing disbursements, credits, debits, deposits, withdrawals, or similar banking transactions from January 1, 2004 to July 1, 2005.

5. Copies of Consolidated Color Corporation's state and federal tax returns, all supporting schedules thereto, including all quarterly employer returns which evidence, relate and/or refer to income received from January 1, 2004 to July 1, 2005.

6. Copies of any IRS forms evidencing income issued to Consolidated Color Corporation or received by it during the period January 1, 2004 to July 1, 2005.

7. Copies of the tax returns for any partnership or corporation in which Consolidated Color Corporation possesses or has possessed an ownership interest as a partner, joint venturer, majority stockholder interest or otherwise, issued during the period January 1, 2004 to July 1, 2005.

8. Copies of the original deed(s) and/or mortgage(s), lease(s) or other instrument(s) evidencing Consolidated Color Corporation's interest in any and all real property whether such interest was held legally, equitably or beneficially from January 1, 2004 to July 1, 2005.

9.  Copies of all policies and schedules relating to any personal property or insurance purchased by Consolidated Color Corporation or on its behalf from January 1, 2004 to July 1, 2005.

10. Any and all bills of sale, deeds, contracts, receipts or other documents evidencing the transfer, sale, assignment or conveyance of any and all real or personal property by Consolidated Color Corporation including partnership interests during the period January 1, 2004 to July 1, 2005.

11. Copies of any/all titles(s), bill(s) of sale receipts or other instrument(s) with respect to any personal property over the value of $1,000 either purchased in Consolidated Color Corporations's name or in which it has or had an interest from January 1, 2004 to July 1, 2005.

12. Copies of all written inventories, appraisals, lists and/or descriptions of Consolidated Color Corporation's real and/or personal property which have been prepared by it or on its behalf from January 1, 2004 to July 1, 2005.

13. Copies of all stock certificates, corporation documents, articles of incorporation and minute books for any corporation in which Consolidated Color Corporation has an interest at any time from January 1, 2004 to July 1, 2005 whether closely held or otherwise and whether listed on one of the stock exchanges or traded over-the-counter, inclusive of any and all warrants, options or commodity contracts as well as all bonds or other securities which it owns.

14. Copies of all documents evidencing Consolidated Color Corporation's ownership in any corporation, business trust, partnership, real estate trust, trust or any other entity from January 1, 2004 to July 1, 2005.

15. All copies of judgments which Consolidated Color Corporation currently holds against any person or entity or which it held against any person or entity, regardless or whether said judgments have been satisfied from January 1, 2004 to July 1, 2005.

16. Consolidated Color Corporation's accounts receivable ledger or other records which set forth the names and addresses of all persons or business enterprises that are indebted to it from January 1, 2004 to July 1, 2005.

17. All balance sheets and other financial statements with respect to any and all business enterprises, of whatever nature in which Consolidated Color Corporation possesses any ownership interest whether as a partner, limited partner, joint venturer, stockholder or otherwise from January 1, 2004 to July 1, 2005.

18. All schedules of furnishings, fixtures and equipment owned by Consolidated Color Corporation from January 1, 2004 to July 1, 2005.

20. Copies of all applications for credit or loans from any and all banks, credit unions, lending institutions, savings and loan associations or other financial institutions from January 1, 2004 to July 1, 2005.

21. The title certificates, registration certificates, bills of sale, and other evidence of ownership relating to any of the following described personal property owned by Consolidated Color Corporation solely, in any business enterprise or owned by any corporation in which it has a controlling interest from January 1, 2004 to July 1, 2005.
    a. Motor vehicle of any type;
    b. Commercial, business or construction equipment of any type;
    c. boats, launches, cruisers or other vessels of any type;
    d. Inventory or any stock of goods or equipment of any type.

21. All insurance policies on the life of any officer, director, shareholder or employee, including whole life, term life or adjustable life, and all policies of disability, which were in force at any time from January 1, 2004 to July 1, 2005, and any and all documents showing the present cash surrender value of said policies.

22. All documents, agreements, and/or statements pertaining to any pension plan, profit sharing plan, deferred compensation plan or stock option plan from January 1, 2004 to July 1, 2005.

23. All of Consolidated Color Corporation's records, pertaining to the transfer, sale assignment or conveyance of any money, personalty, real property, or rights to receive fees from January 1, 2004 to July 1, 2005.

24. All documents, materials, communications or correspondence between Consolidated Color Corporation and any accountant from January 1, 2004 to July 1, 2005.

25. All documents relating to the transfer of any asset held by Consolidated Color Corporation from January 1, 2004 to July 1, 2005, including but not limited to documents relating to the person or entity to whom the asset was transferred, any consideration paid, the purpose of the transfer, and the circumstances under which the transfer was made.

26. All documents relating to any liens or mortgages that were placed on any assets in which Consolidated Color Corporation held an interest from January 1, 2004 to July 1, 2005.

27. All documents relating to the foreclosure or discharge of any liens or mortgages on assets in which Consolidated Color Corporation held an interest from January 1, 2004 to July 1, 2005.

28. All documents relating to any asset that Consolidated Color Corporation transferred to any officer, director, shareholder or employee.

29. All documents relating to any loan made to or by Consolidated Color Corporation for which it reported interest income or expense on its federal tax returns, or which it reported the loan as uncollectible, or as a bad debt.

30. All documents relating to or evidencing the uncollectibility of the debts identified as bad debts, and all documents relating to any efforts Consolidated Color Corporation made to collect these debts.

31. All documents relating to any lawsuit in which Consolidated Color Corporation, or any entity in which it holds or held an interest, was a party from January 1, 2004 to July 1, 2005, including any documents relating to sworn testimony given therein.

32. Copies of all documents relating to any ordinary income or loss reported on tax returns that Consolidated Color Corporation filed from January 1, 2004 to July 1, 2005.