UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORTHEASTERN GRAPHIC SUPPLY, INC.,
    Plaintiff

v.                                          Civil Action No.
                                            05-11299-JLT

GRAPHIC COLOR CORPORATION,
    Defendant

## JUDGMENT DEBTOR'S RESPONSE TO NOTICE TO SHOW CAUSE FOR MISSED THIRD (OF FIVE) PAYMENTS

1. The judgment debtor has been compelled to entirely terminate its operations; as of August 24, 2006, the defendant's single operating premises in Lawrence, MA will have been shuttered and its employees dismissed. Its principal will seek other employment. Final salaries must be paid and any liquid funds available will have been paid against overtime and due taxes.

2. Any remaining assets (cash accounts, receivables, furnishings, fixtures, equipment and inventories of supplies) are all secured as collateral for a recorded and unpaid claim held by Barco Graphics, for which a balance of $508,000.00 is owed. The estimated value of the used equipment, furnishings, etc., is not more than $125-$150,000.00.

3. The landlord at the premises is owed approximately $111,000.00, and it is possible there will be a contest between the landlord and the secured claimant for the furnishings, fixtures and equipment.

PAYMENTS MADE IN GOOD FAITH, DESPITE DIFFICULTIES OF DOING SO

4. The judgment creditor Northeastern Graphic Supply, Inc. ("Northeastern") has been paid $10,000 of $25,000 owed. The judgment debtor has been unable to generate sufficient surplus to make further payments; in fact, because of not only this creditor but others, the defendant over the past 6-12 months has tried to sell and/or merge the business, but could not do so. Northeastern's threat of contempt was the final blow since the debtor could not operate if it had been compelled to use any further critical cash otherwise budgeted for wages and withholding taxes. Ultimately, the press of creditor claims and inadequacy of capital has forced a termination and the defendant has permanently closed its doors.

5.  This precise state of risk was in fact detailed to plaintiff's counsel and to plaintiff early on in these collection proceeding, but the plaintiff elected to press for whatever cash might be available, and compelled by the court's order, the defendant virtually scoured the operation for any spare cash, and plaintiff [somehow] was paid $10,000. Had Northeastern waited, and allowed the debtor leeway or forbearance as requested, the defendant might have survived longer, paying Northeastern more slowly but also more productively.

CONCLUSION:

The defendant undertook every reasonable measure in order to obey this court's payment order and it paid Northeastern's attorneys $10,000 in cash; neither the defendant nor its principal is by any conceivable standard in contempt of this court's order. Instead, it has paid the supreme industrial penalty, i.e., beyond any conventional sanction: liquidation.

August 24, 2006                    Respectfully submitted,
                                   Defendant
                                   By its counsel

                                   _____
                                   Richard J. Cohen, Esq.(BBO#090240)
                                   P.O. Box 1085
                                   404 Main Street
                                   Centerville, MA 02632
                                   (508)771-6400/fax:(508)771-6216

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORTHEASTERN GRAPHIC SUPPLY, INC.,
    Plaintiff

v.    Civil Action No.
    05-11299-JLT

GRAPHIC COLOR CORPORATION,
    Defendant

CERTIFICATE OF SERVICE
-telefax transmission-

    The undersigned hereby certifies that on the date set forth below the foregoing pleading was served (a) by telefax transmission to the Clerk, US District Court (D Mass) at 617-748-9096 (PACER application for access number pending) and by telefax service also to the plaintiff's counsel: Kenneth E. Karger, Esq., 15 Court Square, Boston, MA at (617) 367-3446.

Dated: August 24, 2006    /s/ Richard J. Cohen, Esq.

    Richard J. Cohen